**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

GREAT AMERICAN INSURANCE GROUP, an Ohio corporation,

Plaintiff,

v.

TG ASSOCIATES, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY; and others,

Defendants.

Case No. 14-cv-01546 NC

**ORDER TO SHOW CAUSE**

Re: Dkt. No. 1

Plaintiff Great American Insurance Group brings this action for breach of an indemnity agreement and related state law claims against defendants TG Associates, LLC; Richard and Gloria Jones 2002 Trust; The Clark E. and Geraldine M. Wallace Trust; Kenneth Rawlings Trust of 2002; S.N. Barnes LP; Norman A. Barnes; Jerald G. Schutte; Richard Jones; Gloria Jones; Clark Wallace; Geraldine Wallace; and Kenneth B. Rawlings. Dkt. No. 1. The complaint asserts that this Court has subject matter jurisdiction because there is complete diversity between plaintiff and defendants. *Id.* ¶ 14; 28 U.S.C. § 1332. However, the complaint does not contain sufficient allegations to establish the citizenship of all defendants for diversity purposes.

//

Federal courts are courts of limited jurisdiction and are presumptively without jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A federal court may dismiss an action on its own motion if it finds that it lacks subject matter jurisdiction over the action. *Fiedler v. Clark*, 714 F.2d 77, 78-79 (9th Cir. 1983); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

The diversity statute provides that "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Unlike a corporation, a partnership and an LLC are treated for purposes of diversity as citizens of every state of which their owners/members are citizens. *See Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006); *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). Moreover, if any member of a partnership or an LLC is itself a partnership or association (or another LLC), the Court needs to know the citizenship of each "sub-member" as well. *V & M Star, LP v. Centimark Corp.*, 596 F.3d 354, 356 (6th Cir. 2010).

The complaint here alleges that TG Associates, LLC is a "limited liability corporation" and that S.N. Barnes LP is a "limited partnership." Dkt. No. 1 ¶¶ 2, 6. The complaint further alleges that these defendants are both citizens of California because they are incorporated or formed under the laws of California and have their principal place of business in California. *Id.* The complaint fails to allege the citizenship of the members, and any sub-members, of TG Associates, LLC and S.N. Barnes LP.

Additionally, the complaint names as defendants three trusts and alleges that they are citizens of California because they are "formed under the laws of the State of California" and are "located" in California. Dkt. No. 1 ¶¶ 3-5. However, these allegations do not appear sufficient to establish the citizenship of the trusts. *See Moeller v. Superior Court*, 16 Cal. 4th 1124, 1132 n.3 (1997) (explaining that a trust is not a person but rather "a fiduciary relationship with respect to property," and that, ordinarily, "the trustee, rather

than the trust, is the real party in interest in litigation involving trust property); *Johnson*, 437 F.3d at 899 ("A trust has the citizenship of its trustee or trustees." (citing *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 464 (1980))); *but see Emerald Investors Trust v. Gaunt Parsippany Partners*, 492 F.3d 192, 205 (3d Cir. 2007) (holding that "the citizenship of both the trustee and the beneficiary should control in determining the citizenship of a trust").

Because the complaint does not contain sufficient allegations to establish that there is complete diversity of citizenship between plaintiff and all defendants, by July 7, 2014, plaintiff must amend its complaint to plead an adequate basis for diversity jurisdiction, or show cause in writing why this action should not be dismissed for lack of federal subject matter jurisdiction. If plaintiff is unable to allege the citizenship of all defendants without conducting discovery on this issue, plaintiff should so indicate in its response to the order to show cause.

The initial case management conference is continued from July 2 to July 9, 2014, at 10:00 a.m. in Courtroom A, 15th Floor, U.S. District Court, 450 Golden Gate Avenue, San Francisco, California.

IT IS SO ORDERED.

Date: June 24, 2014

Nathanael M. Cousins
United States Magistrate Judge